# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

WILLIS SHANE GORDON,

        Petitioner,

v.

SAM CLINE,

        Respondent.

Case No. 17-3184-DDC

## MEMORANDUM AND ORDER

This matter comes before the court on Willis Shane Gordon's pro se[1] Petition for Writ of Habeas Corpus (Doc. 1), respondent's Answer and Return (Doc. 19), and petitioner's Traverse (Doc. 30). Petitioner was convicted in Kansas state court for aggravated kidnapping and rape. He claims his convictions were procured in a way that violated the Constitution. For reasons explained below, the court denies the Petition.

**I.    Facts**

The Kansas Court of Appeals summarized the facts of petitioner's state-court case this way:

> In his underlying criminal case,
>
> [Petitioner] was charged with one count each of rape, aggravated kidnapping, attempted robbery, and aggravated battery after B.H. claimed that she was the victim of these crimes. At the ensuing jury trial, B.H. testified that she was kidnapped, raped, robbed, and battered by [petitioner], but [petitioner] claimed that B.H. arranged to have consensual sex for money. The jury found [petitioner] guilty on all counts, and he received a controlling sentence of 460 months' imprisonment.

---

[1] Because petitioner proceeds pro se, the court construes his filings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

On his direct appeal, [petitioner] raised three issues: (1) ineffective assistance of counsel; (2) failure of the district court to give a limiting instruction; and (3) violation of his constitutional rights by enhancing his sentence based on a criminal history that had not been proven to a jury beyond a reasonable doubt. Another panel of this court dismissed his ineffective assistance of counsel claim for lack of jurisdiction, rejected his other two claims, and affirmed his convictions. The Kansas Supreme Court denied [petitioner's] petition for review on November 4, 2011.

On June 5, 2012, [petitioner] filed a timely, and lengthy, pro se [Kan. Stat. Ann. §] 60-1507 motion. His primary pleading was nine pages long and is essentially the habeas pleading form. In that pleading, specifically in paragraphs 10 and 11, he raised a violation under *Brady v. Maryland*, 373 U.S. 83 (1963), contending the prosecution withheld important information about the cell phones used by the victim and police, and contends that had the jury seen the full text messages between the victim and him the jury may have reached a different verdict. Then in paragraph 20, where the form requests the movant to list how his counsel had been ineffective, [petitioner] appended a 35-page attachment discussing in detail his allegations of ineffective assistance of counsel. [Petitioner] also filed contemporaneously a 15-page "Affidavit of Case Law in Support of Habeas Corpus."

After reviewing this extensive pleading, the district court appointed counsel to represent [petitioner] on July 9, 2012. Interestingly, the court did not appoint someone from the appointment list but instead appointed an attorney specifically requested by [petitioner]. After a number of continuances granted at [petitioner's] counsel's request, on January 23, 2013, [petitioner's] counsel filed a modified [Kan. Stat. Ann. §] 60-1507 motion intended to replace [petitioner's] original 60-1507 motion. This amended motion was far more succinct—only 10 pages—and was filed beyond the 1-year limitation period for filing 60-1507 motions.

In his modified motion, [petitioner] raised 13 grounds of relief. He argued his trial counsel was ineffective for: (1) lack of pretrial investigation; (2) failure to present evidence in support of his theory of defense, [*i.e.*,] self-defense; (3) failure to maintain adequate pretrial contact with [petitioner]; (4) failure to strike a potential juror from the jury as requested by [petitioner]; (5) failure to object during . . . the State's questions regarding [petitioner's] silence after arrest; (6) failure to make appropriate trial objections; (7) failure to call a character witness requested by [petitioner]; (8) failure to assert multiplicity or merger defenses; (9) failure to contest certain convictions at [petitioner's] sentencing; (10) failure to take [petitioner's] desired trial strategy into proper consideration; (11) failure either to obtain certain discovery for trial or failure to provide this discovery to [petitioner]; (12) appellate counsel was ineffective during [petitioner's] direct appeal; and (13) the State failed to turn over exculpatory evidence.

At the preliminary hearing held on October 24, 2013, [petitioner's] counsel indicated that the movant would proceed on the modified motion. In a written order

> filed November 18, 2013, the district court granted [petitioner] an evidentiary hearing on six of his grounds of relief and dismissed the remaining seven. These six grounds for relief were denied after the evidentiary hearing.

*Gordon v. State*, 382 P.3d 484, 2016 WL 6137901, at *1–2 (Kan. Ct. App. Oct. 21, 2016) (unpublished table decision) (internal citations and quotations omitted).

Petitioner timely appealed the Kansas state district court's decision to the Kansas Court of Appeals. *Id.* at *2. In that appeal, petitioner raised four issues: (1) whether his original trial counsel was constitutionally ineffective when he failed to argue that the aggravated kidnapping and rape charges violated the double jeopardy clause; (2) whether his original trial attorney was ineffective when he failed to present petitioner's desired defense; (3) whether the government committed a *Brady* violation at his original criminal trial; and (4) whether the government committed a *Doyle* violation during his original criminal trial. *See generally id.*

The Kansas Court of Appeals affirmed the district court. It rejected petitioner's first argument, concluding that the aggravated kidnapping and rape convictions did not violate the Double Jeopardy Clause. *Id.* at *5. On petitioner's second argument, the Kansas Court of Appeals construed his appeal as arguing that his original trial counsel was ineffective for failing to find photographs or hospital records that would have bolstered his claim that B.H. and an acquaintance of hers robbed and attacked him—not the other way around. *Id.* The appeals court concluded that it could not consider this argument because petitioner never raised that issue before the habeas trial court. *Id.* at *6.

The Kansas Court of Appeals also refused to consider the next two issues raised by petitioner—*i.e.*, whether the government had committed a *Brady* violation and whether it had committed a *Doyle* violation. *Id.* at *5–9. Generally, the court of appeals explained, Kansas law prevents a court from addressing any argument raised in a habeas petition when the petitioner never raised it on his direct appeal. *Id.* at *7–8. And petitioner articulated no reason why that

3

general rule should not apply. *Id.* Eight months later, the Kansas Supreme Court declined to review his case. On October 23, 2017, petitioner filed his Petition for Writ of Habeas Corpus in this court.

## II.     Legal Standard

When reviewing a state prisoner's challenge to matters decided in state court criminal proceedings, federal law "requires federal courts to give significant deference to state court decisions" on the merits. *Lockett v. Trammell*, 711 F.3d 1218, 1230 (10th Cir. 2013). So, a federal court should not grant a state prisoner habeas relief for "any claim that was adjudicated on the merits in State court proceedings" unless the prisoner can show that: (1) that the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) that the adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2). "Clearly established Federal law" refers to the Supreme Court's holdings—not dicta. *Lockett*, 711 F.3d at 1231. An adjudication is "'contrary to' a clearly established law if it 'applies a rule different from the governing law set forth in [Supreme Court] cases, or if it decides a case differently than [the Supreme Court has] done on a set of materially indistinguishable facts.'" *Id.* (quoting *Bell v. Cone*, 535 U.S. 685, 694 (2002)). A factual determination "made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). The petitioner has the burden of rebutting this presumption of correctness by clear and convincing evidence. *Id.*

## III. Discussion

In his federal court Petition, petitioner raises four grounds for relief. First, he argues, the government committed a *Brady* violation by failing to disclose photographs showing petitioner's injuries after the incident leading to his arrest. In his second ground for relief, he argues that his aggravated kidnapping and rape convictions violate the Fifth Amendment's Double Jeopardy Clause because they arose out of the same conduct. Next, he contends, his original trial counsel was ineffective for failing to (A) find the missing photographs and (B) object to testimony about his silence after he invoked his Fifth Amendment right to remain silent. Finally, he asserts that the testimony about his silence after he invoked his Fifth Amendment right to remain silent violates *Doyle v. Ohio*, 426 U.S. 610, 619 (1976).[2] Respondent argues that the court should dismiss petitioner's writ. Specifically, he argues that petitioner procedurally defaulted on his first, third, and fourth grounds for relief. And he argues that the Kansas Court of Appeals correctly decided the second ground for relief.

The court agrees with respondent. The court first addresses petitioner's first, third, and fourth grounds for relief, explaining why they are procedurally barred. Then, the court addresses petitioner's contention that his aggravated kidnapping and rape convictions violated the Double Jeopardy Clause.

### A. Procedural Default

Procedural default can occur in two ways: (1) when a state court clearly dismisses an issue on a state procedural ground that is both independent of federal law and adequate to

---

[2] In his Traverse—but not in his Petition—petitioner asserts that the trial court sentenced him while considering facts that the jury never found, violating *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Specifically, he argues that part of the Kansas Sentencing Grid is unconstitutional because it enhances a defendant's sentence due to earlier "person" felonies without a jury finding that defendant committed a "person" felony. The court cannot consider this argument because petitioner asserts it for the first time in his Traverse. *See Thompkins v. McKune*, 433 F. App'x 652, 660 (10th Cir. 2011) ("[A]rguments raised for the first time in a traverse are not properly presented to the district court . . . .").

5

support the judgment; or (2) when the petitioner fails to exhaust available state remedies and would be procedurally barred from presenting the issue if it was brought in state court. *Griffin v. Scnurr*, 640 F. App'x 710, 717 (10th Cir. 2016). "A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision," and "adequate" if it is "strictly or regularly followed and applied evenhandedly to all similar claims." *Hickman v. Spears*, 160 F.3d 1269, 1271 (10th Cir. 1998) (internal citations and quotations omitted). A petitioner exhausts his claim once he "fairly present[s]" the claim to state courts. *Picard v. Connor*, 404 U.S. 270, 275 (1971). It is "not sufficient merely that the federal habeas applicant has been through state courts." *Id.* at 275–76.

Under the procedural default doctrine, a federal court cannot review claims that were procedurally defaulted in state court unless the applicant can "demonstrate either [1] cause and prejudice for the default or [2] that a fundamental miscarriage of justice would result if his claim is not considered." *Bowles v. Kansas*, No. 15-3049-JTM, 2016 WL 3759508, at *1 (D. Kan. July 14, 2016); *accord Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Respondent argues that petitioner procedurally defaulted on three of his Petition's grounds for relief: the first, third, and fourth. The next three subsections discuss, in turn, each ground for relief and explain why they are procedurally barred.

### 1. *Brady* Violation (Ground 1)

Petitioner argues that the state committed a *Brady* violation when it did not produce photographs of petitioner's injuries after his encounter with B.H.—the victim. The government commits a *Brady* violation when it withholds evidence that is favorable to a defendant and "the evidence is material either to guilt or to punishment." *Brady*, 373 U.S. at 87.

6

At trial, petitioner argued that he never raped or kidnapped B.H. Instead, he contended, B.H. had consensual sex with him and then B.H. and her acquaintance robbed petitioner. Petitioner tried to escape but the acquaintance tackled him. A fight ensued, and the acquaintance drew a knife. Petitioner contended that he raised his hands in self-defense, and the knife cut his finger, causing significant bleeding. Petitioner argues that the government should have disclosed photos of his injuries because these photos would have helped him prove his version of events.

Respondent argues that petitioner procedurally defaulted on this ground for relief because the Kansas Court of Appeals concluded that petitioner waived this argument by failing to raise it when he initially appealed his convictions. Specifically, the Kansas Court of Appeals held, "We reject [petitioner's] claim on the ground that it should have been raised in his direct appeal." *Gordon*, 2016 WL 6137901, at *7. It continued. "It is well established that motions filed under [Kan. Stat. Ann. §] 60-1507 are not to be used as substitutes for a direct appeal or a second appeal, and issues that could have been raised in the direct appeal are res judicata meaning they are barred from consideration." *Id.* This reasoning is based on an independent and adequate state law ground and thus the court cannot consider it, absent exceptional circumstances. *See Gleason v. McKune*, No. 11-3110-SAC, 2012 WL 2952242, at *15 (D. Kan. July 19, 2012) ("The Kansas Court of Appeals affirmed [the Kansas district court's] decision, reasoning that a [Kan. Stat. Ann. §] 60-1507 motion cannot be used as a substitute for either a direct appeal or a second appeal and that Petitioner failed to establish exceptional circumstances which would have excused his failure to raise this claim on direct appeal. This is an adequate and independent state ground, which bars reconsideration by this court.").

Petitioner argues that the court should review this ground for relief despite his procedural default because he can show good cause and prejudice. Specifically, he asserts he never knew

the photographs existed until his state habeas proceedings because the government never revealed their existence until then. And petitioner can show actual prejudice, he argues, because the photos would have corroborated his side of the story.

The court assumes, without deciding, that petitioner could show good cause. But petitioner cannot demonstrate any prejudice from the government's error. To show prejudice, petitioner must show that the evidence would have had more than a negligible effect on the trial. *Ochoa v. Workman*, 451 F. App'x 718, 731 (10th Cir. 2011). Here, several witnesses testified that petitioner had severe injuries after his fight with the acquaintance—including B.H. and a police officer who responded to the scene. So, the jury heard extensive evidence about petitioner's injuries. And the government never disputed these injuries. Any photographs of these injuries, at most, would have allowed the jury to visualize injuries they knew about already. Also, these photographs would do little to inform the jury who started the fight or why petitioner and the acquaintance were fighting. The court denies this first ground for relief because petitioner has failed to demonstrate prejudice.

### 2. Ineffective Assistance of Counsel (Ground 3)

In his third ground for relief, petitioner argues that his trial counsel was ineffective in two distinct ways. First, he argues that his trial counsel should have discovered the *Brady* violation. And second, petitioner contends, his trial counsel should have objected to testimony about his silence after police arrested him. He has procedurally defaulted on these claims as well.

When discussing petitioner's claim that his trial counsel was ineffective because he never discovered the *Brady* violation, the Kansas Court of Appeals said, "At no point in his amended [habeas] motion did [petitioner] complain that his counsel was ineffective for failing to find photographs or hospital records; he does so for the first time on appeal." *Gordon*, 2016 WL

8

6137901, at *5. It continued, "As a general rule, we will not consider an allegation of ineffective assistance of counsel raised for the first time on appeal." *Id.* This is an independent and adequate bar to the court considering this claim. *See Reynolds v. Hannigan*, No. 95-3559-DES, 1999 WL 33177300, at *7 (D. Kan. Mar. 22, 1999) (finding Kansas state-court rule against raising an issue for the first time on appeal independent and adequate), *adopted*, 53 F. Supp. 2d 1149 (D. Kan. 1999).

Petitioner argues that he raised this issue before the trial court that heard his habeas motion, highlighting several pro se motions he filed. But, the Kansas Court of Appeals explained, "'[g]enerally[,] the factual aspects of a claim of ineffective assistance of counsel require that the matter be resolved through *a [Kan. Stat. Ann. §] 60-1507 motion* or through a request to remand the issue to the district court for an evidentiary hearing . . . .'" *Gordon*, 2016 WL 6137901, at *5 (internal alterations omitted) (emphasis added) (quoting *State v. Galaviz*, 291 P.3d 62, 77 (Kan. 2012)). Petitioner failed to request either step. So, under Kansas law, petitioner failed to preserve this issue properly and the court cannot consider it.

Petitioner's ineffective assistance of counsel claim based on his trial counsel's failure to object to the *Doyle* violation also is procedurally barred. Under *Doyle v. Ohio*, a prosecutor cannot use a defendant's post-arrest silence to impeach his credibility. 426 U.S. at 619. The Kansas Court of Appeals never addressed this claim of ineffective assistance of counsel directly. It declined to do so because, "[s]ignificantly, [petitioner] does not argue his counsel was ineffective for failing to object [to the *Doyle* violation]." *Gordon*, 2016 WL 6137901, at *7.

The court cannot consider this argument because the state court never addressed it. *Coleman*, 501 U.S. at 731 ("This Court has long held that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any

9

of his federal claims."). Petitioner claims that he fairly presented this issue to the trial court presiding over his habeas motion. But this argument does not negate the fact that this issue never was "'properly presented to the highest state court'"—in this case, the Kansas Court of Appeals. *Brown v. Shanks*, 185 F.3d 1122, 1124 (10th Cir. 1999) (quoting *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994)). Petitioner cites no good cause for his failure to assert this argument before the Kansas Court of Appeals. Nor does he argue that the court's failure to review this claim will result in a miscarriage of justice. The court denies petitioner's writ based on the third ground for relief.

### 3. *Doyle* Violation (Ground 4)

Next, petitioner argues that the court should grant his writ because the prosecution committed a *Doyle* violation at his original trial. In addressing this argument, the Kansas Court of Appeals said, "When considering this issue, we first must reject it on res judicata grounds. Like [petitioner's] *Brady* violation argument, his contention of a *Doyle* violation is a trial error that should have been raised on direct appeal. As [petitioner] has not articulated a reason why it was not, our consideration of the issue is barred." *Gordon*, 2016 WL 6137901, at *8. As the court explained above, the Kansas rule that a prisoner cannot litigate any issue he didn't raise in his initial appeal is an independent and adequate state rule that prevents the court from reviewing the issue. *See Gleason*, 2012 WL 2952242, at *15. And petitioner cannot claim that his original trial counsel's ineffectiveness constitutes good cause for his failure to raise the issue because petitioner failed to preserve that claim. *See Edwards v. Carpenter*, 529 U.S. 446, 452–53 (2000) (holding that a petitioner cannot use ineffective assistance of counsel as "good cause" to avoid the procedural default rule when petitioner has failed to present his ineffective assistance of

10

counsel claim properly to the state court). The court denies petitioner's habeas writ on the fourth ground for relief.

### B. Merits of Petitioner's Double Jeopardy Argument (Ground 2)

The Kansas Court of Appeals did decide one of the claims petitioner raises here on its merits: his claim that the aggravated kidnapping and rape convictions violate the Double Jeopardy Clause. Petitioner argues that these convictions violate the Double Jeopardy Clause because they punish him for the same conduct twice, citing *Grady v. Corbin*, 495 U.S. 508 (1990). In *Grady*, the Supreme Court held that the Double Jeopardy Clause bars the government from prosecuting a defendant for a crime that requires the government to establish that defendant engaged in conduct for which he was convicted already. *Id.* at 521. For example, in *Grady*, the Supreme Court held that the Double Jeopardy Clause prohibited the government from charging a defendant with negligent homicide for killing someone while driving because he already was convicted for driving while intoxicated—the very act that led to defendant killing someone. *Id.* at 523. But the Supreme Court expressly overruled this test in *Grady*. *See United States v. Dixon*, 509 U.S. 688, 703 (1993) ("We have concluded, however, that *Grady* must be overruled."). Instead, the proper test to determine whether two convictions violate the Double Jeopardy Clause is "whether each offense contains an element not contained in the other." *Id.* at 696. Here, aggravated kidnapping and rape each have elements that the other does not. Aggravated kidnapping requires the jury to find that petitioner confined the victim. *Gordon*, 2016 WL 6137901, at *5. And a rape conviction requires the jury to find that petitioner had sexual intercourse with someone who did not give consent. *Id.* at *4. Ground two thus provides no basis for relief.

## C. Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases provides, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, the movant must demonstrate that "'reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Saiz v. Ortiz*, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)). While this standard does not require a movant to demonstrate that his appeal will succeed, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quotation marks omitted). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims. In fact, the statute forbids it." *Id.* at 336.

The rulings that the court has made here are not the type that reasonable jurists could debate or would conclude were wrong. The court thus declines to issue a certificate of appealability for this Order.

## IV. Conclusion

For reasons explained above, the court denies the Petition for Writ of Habeas Corpus (Doc. 1).

**IT IS THEREFORE ORDERED BY THE COURT THAT** the Petition for Writ of Habeas Corpus (Doc. 1) is denied.

**IT IS FURTHER ORDERED THAT** the certificate of appealability is denied.

**IT IS SO ORDERED.**

**Dated this 13th day of September, 2018, at Topeka, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**